IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
DONALD CALDWELL &          )
NORA LEE TURNER,           )
                           )
    Plaintiffs,            )
                           )    CIVIL ACTION NO.
    v.                     )      3:08cv28-MHT
                           )         (WO)
GREEN TREE-AL LLC,         )
                           )
    Defendant.             )
```

OPINION AND ORDER

This cause, which was removed from state court to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C. §§ 1332, 1441, is now before the court on a motion to remand filed by the plaintiffs. The plaintiffs contend that the amount in controversy in this lawsuit is not high enough to confer diversity jurisdiction. The court agrees.

First of all, the defendant has failed to "prove to a legal certainty" that the plaintiffs' claims exceed $ 75,000. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095

(11th Cir. 1994).  That is, the court cannot conclude that the plaintiffs, in requesting and fixing the amount sought in their complaint at $ 74,000, are "falsely assessing the case or is incompetently doing so," id., and that "an award below the jurisdictional amount would be outside the range of permissible awards."  Id. at 1096.

Second, while the defendant's contentions (that the plaintiffs have failed to stipulate to an amount less than $ 75,000, that they have failed to disclaim affirmatively an amount over $ 75,000, and that they have not provided good-faith responses to discovery regarding the amount in controversy) may be circumstantial evidence that a court may consider in determining the amount in controversy, they are not sufficient to establish that the jurisdictional amount has been met here.  Any failure on the part of the plaintiffs with regard to establishing the amount in controversy is insufficient to demonstrate that the $ 75,000-jurisdictional minimum has been met;

rather, the burden of proving federal jurisdiction by a preponderance of the evidence is the defendant's, not the plaintiffs'.  <u>Williams v. Best Buy Co.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001).  Indeed, if the plaintiffs engaged in bad-faith discovery, the defendant should have sought appropriate relief from the court overseeing that discovery.

The defendant also points to similar cases where Alabama courts have authorized damage awards greater than the jurisdictional amount.  As the Eleventh Circuit Court of Appeals has noted, however, it is questionable "whether such general evidence is ever of much use in establishing the value of claims in any one particular case."  <u>Lowery v. Alabama Power Co.</u>, 483 F.3d 1184, 1221 (11th Cir. 2007).  In any event, the court has reviewed those cases and concludes that they are not sufficiently factually and legally similar to this case that this court can draw any reasonable conclusions from them.

**Accordingly, because this court lacks subject-matter jurisdiction, it is the ORDER, JUDGMENT, and DECREE of the court that the plaintiffs' motion to remand (Doc. No. 4) is granted, and that, pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Tallapoosa County, Alabama.**

**The clerk of the court is DIRECTED to take appropriate steps to effect the remand.**

**DONE, this the 5th day of February, 2008.**

  /s/ Myron H. Thompson  
**UNITED STATES DISTRICT JUDGE**